## COUNTY OF LAMOILLE.

### APRIL TERM, 1849.

[Continued from Vol. 21, page 483.]

---

PRESENT,

Hon. ISAAC F. REDFIELD,
Hon. MILO L. BENNETT,
Hon. DANIEL KELLOGG,  } ASSISTANT JUDGES.
Hon. LUKE P. POLAND,

---

## JOHN B. DOWNER *v.* HORACE DANA AND ELIHU NORTON.*

Where one of two defendants, in an action *ex contractu,* suffers default, and judgment is rendered against the other defendant upon hearing, although the rendition of separate judgments would be erroneous, yet a judgment so rendered against one of the defendants would not be absolutely void.

But if the defendant, who appears, enter a review, the effect is to vacate the judgment as to both defendants, and to carry the whole case to the next succeeding term, notwithstanding a separate judgment may have been entered upon the record against the defendant who was defaulted.

And if execution issue upon such separate judgment, against the defendant who was defaulted, and the defendant be committed to jail and execute a jail bond, such commitment is illegal, and no action can be sustained upon the jail bond.†

---

* POLAND, J., having been of counsel in this case, did not sit at the trial.

† See *Jones* v. *Spear & Tr.,* 21 Vt. 426 ; *Paine et al.* v. *Tilden et al.,* 20 Vt. 554.

The statute of 1835 [Acts of 1835, p. 7] which provided for a severance of defendants in actions *ex contractu*, in certain cases, had no application to a case where all the defendants were parties to the contract in suit.

DEBT upon a jail bond.    The plaintiff alleged in his declaration, that he recovered judgment against the defendant Dana at the September Adjourned Term, 1838, of Lamoille county court, for $510,67 damages, and $15,99 cost, that execution was issued thereon October 6, 1838, that Dana was committed to jail December 4, 1838, that the defendants executed a jail bond for the admission of Dana to the liberties April 12, 1839, that Dana committed a breach of the condition of the bond September 24, 1842, and that the bond was duly assigned to the plaintiff April 2, 1843.    The defendants pleaded *non est factum*, and also pleaded, that there was no such record of judgment, as alleged in the declaration; and upon these pleas issue was joined.    Trial by jury, June Term, 1844,— ROYCE, Ch. J., presiding.

On trial it appeared, that the plaintiff commenced an action against the defendant Dana and Solomon Downer, upon a note executed by them jointly, at the December Term, 1837, of Lamoille county court; that at the September Adjourned Term, 1838, of the same court Dana suffered a default, and judgment was thereupon rendered against him, upon the note, for $510,67, damages, and $15,99 costs; and that upon this judgment execution was issued, and Dana committed to jail, and the jail bond executed, as alleged in the declaration; that at the same September Adjourned Term judgment was rendered in the same suit against Solomon Downer, and he entered a review, and that at the December Term, 1838, of the same court, final judgment was rendered against him for $516,69 damages, and $5,57 costs, upon which last judgment execution was issued against him.

The county court decided, that there was no such record, as that alleged in the declaration, and directed a verdict for the defendants.    Exceptions by plaintiff.

*L. P. Poland* for plaintiff.

In order to support the decision of the county court, the judgment against Dana must have been so illegal and irregular, that the

imprisonment of Dana upon the execution was unlawful and the plaintiff liable in trespass for false imprisonment; for if the imprisonment were lawful, and the judgment a justification to the plaintiff, the jail bond taken was also legal. *Witt* v. *Marsh et al.*, 14 Vt. 303. *Allen* v. *Huntington et al.*, 2 Aik. 249. Whether this judgment was erroneous, even, and might have been avoided by a writ of error, the authorities are contradictory. *Miner* v. *Mech. Bank*, 1 Pet. 46. *Tuttle* v. *Cooper*, 10 Pick. 281. *Hall* v. *Rochester*, 3 Cow. 374. *Shirreff* v. *Wilks et al.*, 1 East 48. But in none of the cases is it held, that such judgment would be void, or that it would not be valid, to all intents, until set aside,—but the contrary. *Allen* v. *Fisher et al.*, 1 D. Ch. 277. *Fletcher* v. *Mott*, 1 Aik. 339. *Walbridge* v. *Hall*, 3 Vt. 114. *Allen* v. *Carpenter*, 7 Vt. 397. *Gibbs* v. *Scott et al.*, Ib. 147. *Evarts* v. *Gove*, 10 Vt. 161. *Bank of Whitehall* v. *Pettes*, 13 Vt. 395. *Sewell* v. *Harrington*, 11 Vt. 144. *Chase* v. *Scott*, 14 Vt. 77. *Butler* v. *Haynes*, 3 N. H. 21. *Gorrill* v. *Whittier*, Ib. 265. *Cate* v. *Pecker et al.*, 6 Ib. 417. *Clason* v. *Morris*, 10 Johns. 524. *Perry et al.* v. *Hyde et al.*, 10 Conn. 329. And when such a judgment comes in question collaterally, the court must presume every thing in favor of the record. By Dana's suffering a default, and judgment being rendered in the plaintiff's favor thereon, Dana and his co-defendant became legally severed, so that the farther course or result of the cause, as to Solomon Downer, did not in any way affect the judgment already rendered against Dana. One of several defendants, in an action *ex contractu*, may appear for himself alone; and if he so appear, and another defendant be defaulted, he can only enter a review for himself.

This judgment was recovered, while the statute of 1835 was in force, applying the same rule to parties in actions *ex contractu*, as in actions *ex delicto*; and under that statute the parties were so far several, that one could review for himself, and not for his co-defendant, who had not appeared. Acts of 1835, p. 7.

*H. P. Smith* for defendants.

The record does not show a valid and subsisting judgment against Dana, authorizing the issuing of the execution and the commitment. The action against Dana and Solomon Downer was upon a joint

contract, and, by the principles of the common law, they could not be severed by separate judgments at different times. *United States* v. *Linn et al.*, 17 Pet. 88. *Hall* v. *Rochester*, 3 Cow. 374. 2 Tidd 803. 1 Chit. Pl. 567. *Scott* v. *Larkin*, 13 Vt. 112. *Gaylord* v. *Payne et al.*, 4 Conn. 190. By the review the judgment against Dana was vacated. The statute of 1835 applied only to cases, where some of the defendants were not parties to the contract,— which is not this case. *Scott* v. *Larkin*, 13 Vt. 112.

But if the judgment against Dana were not void, but would protect the plaintiff in an action for false imprisonment, the defendants may yet show its irregularity in defence of this suit upon the jail bond. *Witt* v. *Marsh et al.*, 14 Vt. 303.

The opinion of the court was delivered by

BENNETT, J. This is an action of debt upon a jail bond; and the important question arises under the defendants' plea, that there is no such record of judgment, as is alleged in the declaration. The case is one of some difficulty, and has now been argued, at this and previous terms, before all the members of the court; and I will now proceed to pronounce the opinion of a majority of the court.

It has been argued for the defendants, that the several judgments rendered against Solomon Downer and Dana, at the September Adjourned Term of the county court, 1838, were absolutely *void;* but I am not prepared to assent to that proposition. The court had jurisdiction of the subject matter of the action, and of the parties. The judgments were no doubt erroneous, and might have been reversed upon error. The question, however, now is as to the effect, which the review entered by Solomon Downer shall have upon the judgment against Dana.

The action against Dana and Solomon Downer was upon a joint contract; and, upon common principles, the recovery must have been had against both defendants, or neither of them. A defence interposed by one of them would enure to the benefit of the other. Though one suffer a default, yet if the other interpose a successful defence, no damages can be assessed, or costs taxed, against him. Though co-defendants may sever in their defence, yet there can legally be but a single assessment of damages, and that must be against all of them.

VOL. XXII. 4

If the co-defendants sever in their pleas, and an entire judgment is rendered against all, it is obvious, that a review entered by one of them must vacate the judgment as to all, and have the effect to carry the cause over to the next term of the court, as to all of them. The question, then, is, shall the separate and erroneous assessment of damages against Dana prevent the review of Solomon Downer from having the like effect? I think it should not. It seems but reasonable, that the review should operate to open the entire cause of action against all the defendants. If the review did not have the effect to vacate the judgment against Dana and carry the cause over as against both, there could legally be no recovery against Solomon Downer at the next term; and if Dana should fail to satisfy the judgment against him, the plaintiff could have no remedy against Solomon Downer. The review should have the same effect, as if there had been but a single assessment of damages.

The statute of 1835, which has been referred to, does not help the plaintiff. It was not made to reach a case like this. Both Dana and Solomon Downer were parties to the note.

On the whole, then, a majority of the court think, there is no valid judgment, upon which the jail bond can be supported; and the judgment of the county court is affirmed.