# GRAFTON,

## HOLTON *v.* GLEASON.

Where a record of a judgment in a foreign jurisdiction is introduced as evidence, the court will admit evidence of the laws of such jurisdiction, to explain such record; and its validity or invalidity will be determined accordingly.

A judgment upon a nonsuit will not estop a party from maintaining a second action for the same cause, in the same or another jurisdiction.

ASSUMPSIT, on a promissory note, dated September 21st, 1835, for $250, signed by the defendant, and payable to one John C. Gleason, or order, on demand with interest, and by said Gleason indorsed to the plaintiff.

The defendant pleaded that an action had been commenced against him upon the note in favor of John C. Gleason, the payee, and entered in the county court of Caledonia county, in the State of Vermont, December term, 1849; that the action came on for trial at the June term of the court of that county, 1850; that the jury returned a verdict for the defendant, and that judgment was entered thereon, and that the judgment was still in force and unsatisfied, as the record of the court would show.

The plaintiff replied *nul tiel record*, and issue was joined thereon.

On the trial, a copy of the record, duly certified by the clerk of Caledonia, was produced in evidence, and it appear-

ed that in an action brought by said John C. Gleason against the present defendant to recover the amount of the notes described, a judgment on a verdict was rendered for the defendant at the June term of the county court in 1850. That the plaintiff thereupon " prayed for and was admitted to enter a review of said suit to the then next term of the court, to be held on the first Tuesday of December, 1850." It further appeared from the record that at the December term, " the parties appeared by their attorneys and put themselves on the court for trial," and that the plaintiff thereupon became nonsuit, and judgment was rendered accordingly.

The plaintiff introduced evidence tending to show that, by the law of Vermont, when an action is reviewed, the former judgment becomes thereby entirely vacated.

A verdict was taken, by consent, for the plaintiff, on which it was agreed that judgment should be entered, or the verdict set aside and judgment entered for the defendant, as the opinion of this court should be upon the whole case.

*I. & S. H. Goodall*, for the plaintiff.

There is but one judgment entered up in Vermont, and that is judgment of nonsuit.

There is no such record as the defendant alleges. The cost is taxed in judgment of nonsuit, from the beginning. There is no judgment for any specific amount of costs at June term, A. D. 1850. All the record of proceedings at June term, A. D. 1850, were merely docket minutes. No judgment was made up, but the action went right along.

Their law is precisely like the case of an appeal from a justice of the peace to the court of common pleas in this State. The appeal vacates the judgment and makes it void and of no validity.

There is no judgment in Vermont, rendered June term, A. D. 1850, in force and unsatisfied. The only judgment entered up in Vermont is judgment of December term,

1850, and that is nonsuit only. If there had been judgment of June term, 1850, the review would have vacated it, and rendered it of no validity. *Downer* v. *Dana,* 22 Vt. Rep. 22; *State* v. *McKown,* 21 Vt. Rep. 505.

*Hibbard & Bedel,* for the defendant.

I. The cause of action in this suit has been once tried by a jury in the Caledonia county court of Vermont. " The general principle is, that the decision of a court of competent authority, or a *res judicata,* is binding and conclusive upon all other courts of competent power. It is a principle which pervades not only our own, but all other systems of jurisprudence, and has become a rule of universal law, and is founded in the soundest policy." 1 Johns. Ch. R. 95; 5 N. H. Rep. 324, and authorities cited; 6 Vt. Rep. 580; Bouvier's Law Dic., Res Judicata.

The VII Art., in addition to, and amendment of, the constitution of the United States, provides that " In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise reëxamined in any court of the United States, than according to the rules of the common law." 2 Amer. Lead. cases, 745.

II. That there was a trial by jury, a verdict found for the defendant, and judgment rendered on the verdict, cannot be denied. But to avoid the legal effect of such facts, it is urged by the plaintiff, that agreeably to the statute of Vermont, John C. Gleason, the real owner of the note in suit, and the plaintiff in the action in Vermont, was admitted to enter a review of said suit, and gave security to the defendant to prosecute his review to effect, and answer and pay all intervening damages occasioned to the defendant by the delay, with additional costs, in case the judgment be affirmed. Chap. 25 § 10 page 160 Rev. Stats. Vt. 1839 ; and that this simple entry of a review vacated the judgment to all intents and purposes, and the subsequent entry of a nonsuit left the

---

---

parties *in statu quo.* If it be contended that the entry of a review, under such circumstances, has the legal effect of vacating the judgment, it would hardly seem stretching the same principle, to hold that the entry of a nonsuit on such review would affirm the former judgment. We have been unable to discover any authority in the laws of Vermont going to that extent. In cases of the absence of a defendant from the State, or lack of personal notice upon him, it is there enacted that an entry of a review shall vacate the original judgment, if in no part satisfied; and if part satisfied, affirmed for so much and reversed for the balance. If the practice in Vermont has been sanctioned by their courts, to the extent contended for in this case by the plaintiff, we are unable to discover any sound principle upon which it can be sustained. In the case of *Downer* v. *Dana & a.*, 22 Vt. Rep. 22, relied upon by the plaintiff, the holding of the court must have been influenced by the fact that one of the joint promissors had no notice. The legal effect of a nonsuit upon a review we do not understand to be there settled, or even attempted to be passed upon by the court. The review there was prosecuted to effect.

III. It is contended by the defendant that the default of the plaintiff to prosecute his review to effect, had the legal effect of affirming the original judgment, and that in this case the defendant would not have been entitled, by the statute, to any additional costs unless the judgment was affirmed, by the condition of the recognizance the plaintiff was compelled to enter into before a review was allowable. If the principle be sustained that a party may bring as many suits as he pleases on the same cause of action, by simply entering a review as often as he fails of success, and become nonsuit on the review, and then be ready to commence again, we can see no end to litigation, and it strikes us it would become a powerful engine of vexation and persecution.

In another view of the question, it cannot be denied but

that the defendant has an equal right to a review. Suppose the defendant enter his review, the plaintiff's judgment is consequently vacated, the defendant fails to prosecute his review, does the plaintiff thereby lose his judgment? If so, no debt could be collected of some persons as long as they were able to pay the costs, and when they failed to do that, there would be no property to satisfy the judgment.

We do not look upon the authority of *Downer* v. *Dana & a.*, before cited, as sufficient to sustain a practice so palpably contrary to all precedent, a practice, as we apprehend, peculiar to Vermont alone; not sustained by the supreme law of the land, nor supported by the laws of Vermont, even, if we view them aright.

WOODS, J. A judgment upon a nonsuit has no effect to estop the plaintiff from suing for the same thing in the same or another jurisdiction. Whether any other judgment than of nonsuit was rendered in the court of Vermont in the action of John C. Gleason, is a question to be decided by the record, from which it appears that such was the judgment finally rendered. It is true that a judgment upon the verdict had been first entered for the defendant, but from this a review was claimed and allowed, and a question arose as to the effect of this review upon the judgment. This depends wholly upon the laws of the place where the proceedings were had, and the court below did properly inquire what these laws were, in order that the record might have the same construction and effect here as there. A different practice would lead to the strangest results, and seems to be required upon no imaginable principle.

Upon inquiring into the laws of Vermont applicable to the case, it plainly appears that the first judgment was vacated by the allowance of the review, and that the final judgment of nonsuit is the only one in force. *Downer* v. *Dana*, 22 Vt. Rep. 22. There must therefore be

*Judgment on the verdict.*